UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANELL A. HUTHSING, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.                                                    CASE NO: 8:14-cv-02694-CEH-TBM

LAW OFFICES OF DANIEL C. CONSUEGRA,
P.L., a Florida Professional Limited Liability
Company, and DYCK-O'NEAL, INC., a Texas
Corporation,

    Defendants.
_____/

## DEFENDANT'S MOTION TO DISMISS

COMES NOW, Defendant DYCK-O'NEAL, INC. ("Defendant"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), and hereby files this, Defendant's Motion to Dismiss, and states the following in support thereof:

**I.**    **Factual Background / Procedural History.**

Plaintiff brings this putative class action against Defendant for an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). *See,* DE 1, generally. Specifically, Plaintiff alleges that Defendant violated "the FDCPA's venue provision […] by filing suit against Plaintiff […] in [a] venue[] other than where [he] reside[s]." *Ibid.* at ¶ 2. The "venue" provision of the FDCPA provides that "[a]ny debt collector who brings any legal action on a debt against any consumer shall […] bring such action only in the judicial district or similar legal entity-- (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." *See,* 15 U.S.C. § 1692i(a).

On January 2, 2007, Plaintiff executed a note and mortgage in favor of a third-party to purchase a home. *See,* DE 1 at ¶ 10; DE 11-1; DE 11-2. On July 14, 2008, a foreclosure action was filed against Plaintiff in Florida Circuit Court which ultimately culminated in a foreclosure judgment against Plaintiff. *See,* DE 1 at ¶ 11; DE 11-1. Thereafter, Plaintiff's foreclosure judgment was sold to Defendant. *See,* DE 1 at ¶¶ 12 – 14; DE 11-1. Defendant then initiated a deficiency action against Plaintiff pursuant to the foreclosure judgment against Plaintiff and subsequent foreclosure sale. *Ibid.* The filing of this deficiency action serves as the basis of Plaintiff's sole claim against Defendant. *See,* DE 1 at ¶¶ 43 – 45.

Accordingly to Plaintiff, as the "promissory note and the mortgage executed by [Plaintiff] merged into the final judgment[,] the Deficiency Judgment Complaint[] filed by Defendant[] arise from a final judgment and not from the original note or mortgage." *Ibid.* at ¶¶ 24 – 25.

Through the instant Motion, Defendant seeks an Order from this Honorable Court granting Defendant's Motion to Dismiss, as Defendant's actions are not subject to the FDCPA.

**II.     Legal Standard.**

Under Federal Rule of Civil Procedure 8(a)(2) a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has found this requirement necessary in order to "give the defendant fair notice of what the… claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide such grounds for relief in the Complaint cannot be satisfied by mere labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Id.* While the pleading standard in Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

3 | Page

In order to survive a Rule 12(b)(6) motion to dismiss, a Complaint must provide the grounds of the Plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555. Additionally, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard" is distinguishable from a "probability standard" in that the former asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a Complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief". *Id.*, (internal quotation marks omitted).

The Supreme Court in *Iqbal* examined the two-pronged approach to determining the sufficiency of a Complaint set forth by the Court in *Twombly*. First, the Court found that the tenet that a court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions. *Iqbal*, 129 S.Ct. at 1949. Specifically, the Court stated that while "for purposes of a motion to dismiss we must take all of the factual allegations in the Complaint as true, we are not bound to accept as a true a legal conclusion couched as a factual allegation." *Id* at 1949-1950. The Court further noted that while Rule 8 marks a generous departure from the code-pleading requirements of years past, it does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id* at 1950.

Second, in addition to requiring more than mere legal conclusions to support a claim for relief, the *Iqbal* Court stated that only a complaint that is plausible survives a motion to dismiss. *Id.* While the task of determining the plausibility of a claim is largely context-specific, in cases where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the Complaint has alleged, but it has not shown, that the pleader in entitled to relief, and therefore cannot survive a motion to dismiss. *Id.*

It is well settled in the Eleventh Circuit that "[p]ublic records are among the permissible facts that a district court may consider" when ruling on a motion to dismiss. *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006)(unpublished); *See also, Haddad v. Dudek*, 784 F. Supp. 2d 1308, 1324 (M.D. Fla. 2011)("the Court may take judicial notice of and consider documents which are public records, that are attached to the motion to dismiss, without converting the motion to dismiss into a motion for summary judgment.")

### III.    Legal Argument.

As demonstrated by the allegations contained in her Complaint, Plaintiff is seeking to advance mutually exclusive positions in support of her claim against Defendant. Recognizing that the FDCPA permits debt collectors to bring legal action against debtors "in the judicial district or similar legal entity in which such consumer signed the contract sued upon", Plaintiff claims that it is the "final judgment and not [] the original note or mortgage" that gives rises to Defendant's deficiency claim. *See,* 15 U.S.C. § 1692i; DE 1 at ¶ 25. However, sensing her need to establish that the obligation sued upon constitutes a "consumer debt" as defined by the FDCPA, Plaintiff then does an about-face and claims that "the debts at issue originated as consumer debts" due to the nature of the original note or mortgage. Thus, Plaintiff seeks to have it both ways; the deficiency action was based upon the note or mortgage for the purpose of defining the debt under the FDCPA, but not for purposes of the FDCPA's venue provision. For the reasons detailed below, the deficiency action is not subject to the FDCPA and thus Plaintiff's claim must fail as a matter of law.

### a. A Deficiency Action is not subject to the FDCPA.

"In order to prevail on an FDCPA claim, a plaintiff must plead and prove three elements." *Elmore v. N.E. Florida Credit Bureau, Inc.*, 3:10-CV-573-J-37JBT, 2011 WL 4480419, *2 (M.D. Fla. 2011). "First, the plaintiff must have been the object of a collection activity ***arising from consumer debt.***" *Id.* (emphasis added). This initial element of a claim brought under the FDCPA has been widely recognized by the District Courts. *See, e.g., McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008)("In order to prevail on an FDCPA claim, Plaintiff must prove that… she was the object of collection activity arising from a consumer debt"); *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)("In order to prevail on an FDCPA claim, a plaintiff must prove that… the plaintiff has been the object of collection activity arising from a consumer debt"); *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002)(same); *Erickson v. Gen. Elec. Co.*, 854 F. Supp. 2d 1178, 1182 (M.D. Fla. 2012)(same).

Under the FDCPA, "debt" or "consumer debt" is defined as:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money ***arising out of a transaction*** in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

*See*, 15 U.S.C. § 1692a(5)(emphasis added).

The Eleventh Circuit Court of Appeals has endorsed the Seventh Circuit's view that, for the purposes of the FDCPA, a debt is created whenever a "transaction" creates an obligation to pay. *See, Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 924 (11th Cir.1997) (quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1325 (7th Cir.1997)). As

this Court has recognized, "[a] 'transaction' must involve, at a minimum, some kind of business dealing or other consensual obligation." *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002)(Kovachevich, J.)(citing *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367 (11th Cir.1998)); *see also, Oppenheim v. I.C. System, Inc.*, 627 F.3d 833, 837 (11th Cir. 2010)("The statute thus makes clear that the mere obligation to pay does not constitute a 'debt' under the FDCPA.") "In other words, when we speak of 'transactions,' we refer to consensual or contractual arrangements, not damage obligations thrust upon one[.]" *Hawthorne*, 140 F.3d at 1371; *see also Bass,* 111 F.3d at 1326 ("[T]he FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services.").

Courts have consistently held that in the absence of a "transaction", no "debt" is created for purposes of the FDCPA. *See, e.g., Hawthorne,* 140 F.3d at 1371(holding that obligation to pay damages arising from tort was not a "transaction" under the FDCPA); *Beggs v. Rossi,* 145 F.3d 511, 512 (2d Cir.1998)(holding that personal property taxes were not "debt" because they did not arise from a transaction); *Mabe v. G.C. Servs. Ltd. Partnership,* 32 F.3d 86, 88 (4th Cir.1994)(holding that child support payments were not "debt" because they were "not incurred to receive consumer goods or services"); *Zimmerman v. HBO Affiliate Group,* 834 F.2d 1163, 1168 (3d Cir.1987)(holding that plaintiff who illegally stole television signals could not assert FDCPA claim due to lack of contractual relationship); *Turner v. Cook,* 362 F.3d 1219, 1226–28 (9th Cir.2004)(a tort judgment was not a debt within the meaning of the FDCPA).

In the instant case, Plaintiff acknowledges that "the Deficiency Judgment Complaints filed by Defendant[] arise from a final judgment and not from the original note or mortgage." *See,* DE 1 at ¶ 25. In support of this position, Plaintiff states:

> 23. Under Florida law, the doctrine of merger dictates that an action for deficiency judgment is not based on the mortgage or note, but is instead based on the foreclosure judgment. See, e.g., Weston Orlando Park, Inc, v. Fairwinds Credit Union, 86 So. 3d 1186, 1187 (Fla. 5th DCA 2012) ("The doctrine of merger provides that when a valid and final judgment is rendered in favor of a plaintiff, the original debt or cause of action upon which an adjudication is predicated merges into the final judgment, and, consequently, the cause's independent existence terminates.") (citing Diamond R. Fertilizer Co., Inc. v. Lake Packing P'ship, 743 So. 2d 547, 548 (Fla. 5th DCA 1999); Vernon v. Serv. Trucking, Inc., 565 So.2d 905, 906 (Fla. 5th DCA 1990).
>
> 24. As such, the promissory note and the mortgage executed by MS. HUTHSING merged into the final judgment. Nack Holdings, LLC v. Kalb, 13 So. 3d 92, 94 n.2 (Fla. 3d DCA 2009) ("The mortgage is merged into the judgment, is extinguished, and 'loses its identity.'"). and, subsequent action based upon the original note and mortgage is barred. 32 Fla. Jur. 2d Judgment and Decrees § 116 (1994); Sunshine Utils. Equip., v. Treasure Coast Utils., Inc., 421 So. 2d 1096 (Fla. 4th DCA 1982).

*Ibid.* at ¶¶ 23 – 24.

The law as pleaded by Plaintiff above is consistent with long-standing Florida common law as well as the Florida Statutes. Chapter 702 of the Florida Statutes governs the foreclosure of mortgages secured by real property in Florida. Section 702.06 provides that "[i]n all suits for the foreclosure of mortgages […] the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound discretion of the court" and that "[t]he complainant shall also have the right to sue at common law to recover such deficiency[.]" Following the entry of a foreclosure judgment, the mortgage no longer exists as "[t]he mortgage is merged into the judgment, is thereby extinguished, and 'loses its identity.'" *Nack Holdings, LLC v. Kalb*, 13 So. 3d 92, 94 (Fla. 3d Dist. App. 2009)(citing *Whitehurst v. Camp,* 699 So.2d 679, 682 (Fla.1997)); *see also Vernon v. Serv. Trucking, Inc.,* 565 So.2d 905, 906 (Fla. 5th DCA 1990) ("[A] debt reduced to final judgment merges into the final judgment and loses its prejudgment identity.") It

is for this reason that, upon the entry of the foreclosure judgment, the former holder of the mortgage loses certain rights. *See, e.g., Weston Orlando Park, Inc. v. Fairwinds Credit Union*, 86 So. 3d 1186, 1187 (Fla. 5th Dist. App. 2012)(explaining that after the entry of a foreclosure judgment "a subsequent action for the same cause on the notes and mortgages is barred."); *Quality Engineered Installation, Inc. v. Higley South, Inc.,* 670 So.2d 929 – 931 (Fla.1996)(After concurring with a line of cases from the Fifth District that "approve including prejudgment amounts in a merged total, with postjudgment interest then accruing on the merged total," the Florida Supreme Court held that "prejudgment interest becomes part of a single total sum ... [and] like all other components of the 'judgment,' automatically bears interest as provided by section 55.03, Florida Statutes").

It is not simply the entry of the foreclosure judgment that gives rise to the ability of the former mortgage holder's ability to pursue a deficiency action. Instead, there must be both a judgment of foreclosure *and* a judicially forced sale of the property that results in a deficiency. *See, First Union Nat. Bank of Florida v. Goodwin Beach Partn.*, 644 So. 2d 1361, 1364 (Fla. 5th Dist. App. 1994)("A party seeking a deficiency judgment after completion of a mortgage foreclosure sale in Florida must present competent evidence that the indebtedness owed exceeds the fair market value of the property on the date of foreclosure.") As the Florida First District Court of Appeal explained in *Kurkjian v. Fish Carburetor Corp.*:

> A final decree in a foreclosure action does not dispose of the question of a deficiency, for not until after the decree has been entered, can it be determined whether the sale price of the property being foreclosed is excessive of the liquidated amount or is insufficient to retire the liquidated amount set out in the final decree.

*Id.*, 145 So. 2d 523, 526 (Fla. 1st Dist. App. 1962).

Conversely, "[w]hen the fair market value of the property on the date of the foreclosure sale exceeds the debt owed, the court may deny a deficiency judgment." *Community Bank of Homestead v. Valois*, 570 So. 2d 300, 301-04 (Fla. 3d Dist. App. 1990); *see also, Barnard v. First Nat. Bank of Okaloosa County*, 482 So. 2d 534, 536 (Fla. 1st Dist. App. 1986)("The trial court has the duty and discretion to inquire into the fair market value of the property, the adequacy or inadequacy of the sale price, and the relationship, if any, between the foreclosing mortgagee and the purchaser at the foreclosure sale.") Accordingly, as the case law demonstrates, a former mortgage holder's ability to obtain a deficiency judgment against a former mortgagee is dependent not upon any consensual or contractual "transaction", but upon the presentation of evidence in an adversarial setting and judicial discretion. *See,* Fla. Stat. § 702.06.

As Plaintiff correctly states, the Deficiency Action did not arise out of her promissory note, but rather the final foreclosure judgment and foreclosure sale. *See,* DE 11-1. Neither the entry of the foreclosure judgment nor sale of the Property involved "some kind of business dealing or other consensual obligation" as is necessary to create a "debt" as defined by the FDCPA. *Fuller*, 192 F. Supp. 2d at 1366; *see also Hawthorne,* 140 F.3d at 1371. Moreover, the law in Florida is clear that once a judgment of foreclosure has been entered upon a mortgage, the mortgage "loses its identity" and any subsequent deficiency action cannot be based upon the mortgage note. Instead, a deficiency action can only be based upon the foreclosure judgment and subsequent forced sale of the property which fails to yield sufficient funds to cover the outstanding balance of the judgment. *See, Kurkjian*, *supra.* Because a foreclosure judgment and judicially forced foreclosure sale are, by their very nature, non-consensual transactions, the Deficiency Action at issue was not an attempt to collect a "debt" and is therefore not subject to

the restrictions of the FDCPA. *See, e.g., Hawthorne*, 140 F.3d at 1371 ("the FDCPA does not apply because this is not a transaction."); *Mabe*, 32 F.3d at 88 (finding that "child support obligations arose out of an administrative support order issued by Virginia's Department of Social Services" did not constitute "debt" for purposes of the FDCPA); *Knight v. Super. Ct. of New Jersey L. Div.*, 513 Fed. Appx. 122, 123 (3d Cir.2013)("court fee was not a qualifying 'debt' under the Act"); *Turner*, 362 F.3d at 1226–28 (a tort judgment was not a debt within the meaning of the FDCPA).

### IV.   Conclusion.

Based on the foregoing facts and law, Plaintiff as has failed to state a claim upon which relief may be granted as she has failed to establish that Defendant's actions are subject to the FDCPA.

WHEREFORE Defendant respectfully requests an Order from this Honorable Court GRANTING Defendant's Motion to Dismiss.

Respectfully submitted by:

 /s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
 /s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 0102808
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
braslavich@gsgfirm.com
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 10, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 0102808