UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANELL A. HUTHSING,

    Plaintiff,

v.                                                Case No: 8:14-cv-2694-T-36TBM

LAW OFFICES OF DANIEL C.
CONSUEGRA, P.L. and DYCK-O'NEAL,
INC.,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon the Motion to Stay, filed by Defendants Law Offices of Daniel C. Consuegra, P.L. and Dyck-O'Neal, Inc. (collectively, "Defendants") (Doc. 26). Plaintiff Danell A. Huthsing responded in opposition to the Motion (Doc. 27). The Court, having considered the motion and being fully advised in the premises, will now DENY Defendants' Motion to Stay.

## DISCUSSION

This lawsuit arises over alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Specifically, Huthsing alleges that Defendants violated the FDCPA by knowingly filing a deficiency judgment action against her in an improper venue, in order to unfairly increase the difficulty of defending the action. Doc. 1 ("Compl.") ¶¶ 6, 14, 18, 20-21, 26-27. Dyck-O'Neal subsequently filed a motion to dismiss, arguing that Huthsing has failed to state a claim for relief because deficiency actions are not subject to the provisions of the FDCPA. *See* Doc. 12. Huthsing filed an opposition to the motion. *See* Doc. 17.

Defendants now seek to stay discovery until the Court rules on Dyck-O'Neal's motion to dismiss. Federal Rule of Civil Procedure 26(c) permits a court to stay discovery if "good cause" is shown by the party seeking the stay. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Accordingly, courts may "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id.*

Defendants argue that discovery should be stayed because it is irrelevant to the resolution of Dyck-O'Neal's motion. Defendants add that a preliminary peek at Dyck-O'Neal's motion would reveal it to be clearly meritorious and case dispositive. Thus, according to Defendants, discovery would cause a substantial and needless waste of resources by all parties. In response, Huthsing argues that the propounded discovery is "relatively light," consisting mostly of the production of documents that would support the number of "a very specific type of case" filed in the Florida courts on a volume basis (presumably, some subset of deficiency actions). Huthsing also challenges the merits of Dyck-O'Neal's motion to dismiss.

Upon consideration of the parties' arguments, the Court finds that a stay of discovery is not warranted. *First*, after taking a preliminary peek at Dyck-O'Neal's motion to dismiss, the Court cannot conclude that there is "an immediate and clear possibility that it will be granted," *Feldman*, 176 F.R.D. at 653. Moreover, the resolution of the motion is clearly not case dispositive, as it was submitted by only one of the two defendants. Accordingly, even if this Court were to grant the motion to dismiss, that would not obviate the need for discovery, as the Law Offices of

Daniel C. Consuegra, P.L., would remain as a defendant in this case. "A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *McCabe*, 233 F.R.D. at 685.

*Second*, Defendants have not explained why, specifically, discovery would be "substantial." *Compare Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1357, 1368 (11th Cir. 1997) (holding that the district court abused its discretion by not ruling on a motion to dismiss a count of questionable validity that had been pending for almost two years, resulting in discovery that ultimately included, *inter alia*, 121 requests for production and 635 interrogatories).

*Finally*, there is no general rule or presumption that discovery should be stayed while a motion to dismiss is pending. *See Koock v. Sugar & Felsenthal, LLP*, Case No. 09-cv-609, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). Defendants have not otherwise carried their burden of showing good cause for the stay. *See id.*

For the above reasons, it is hereby **ORDERED**:

1. Defendants' Motion to Stay (Doc. 26) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 17, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any