UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANELL A. HUTHSING, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.                                      CASE NO: 8:14-cv-02694-CEH-TBM

LAW OFFICES OF DANIEL C. CONSUEGRA,
P.L., a Florida Professional Limited Liability
Company, and DYCK-O'NEAL, INC., a Texas
Corporation,

    Defendants.
_____/

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DYCK-O'NEAL, INC.'S MOTION TO DISMISS**

Plaintiff Danell A. Huthsing ("Plaintiff"), through the undersigned attorneys, hereby submits this Notice of Supplemental Authority to alert the Court to new persuasive authority bearing on the issues raised in Defendant Dyck-O'Neal, Inc.'s Motion to Dismiss (Doc. 12) and Plaintiff's Response in Opposition to the Motion to Dismiss (Doc. 17), and states:

On April 15, 2015, the Honorable Judge Timothy J. Corrigan, District Judge of the Middle District of Florida, Jacksonville Division entered an order denying a motion to dismiss in a case that involves the same Defendants as the present case, the same cause of action as the present case, and facts that are virtually identical to the present case. Baggett v. Law Offices of Daniel C. Consuegra, Dyck-O'Neal, Inc., No. 3:14-cv-1014-J-32PDB, 2015 WL 1707479 (M.D. Fla. Apr. 15, 2015).

As in the present case, in Baggett, the Defendants brought an independent action at law on a final judgment of foreclosure, and the plaintiff filed a consumer action under the FDCPA

alleging, among other things, that Defendants filed their deficiency judgment action in an improper venue (15 U.S.C. § 1692i)—a venue other than where the consumer resides.  Id. at *1.  As in the present case, in Baggett, Dyck-O'Neal filed a motion to dismiss the plaintiff's complaint, arguing that a deficiency judgment action does not constitute a "consumer debt," and therefore the plaintiff failed to state a claim under the FDCPA.  Id. at *1-*2.  Judge Corrigan ruled that a deficiency judgment action can be a "consumer debt" and denied Dyck-O'Neal, Inc.'s motion to dismiss—the plaintiff stated a claim.

     Plaintiff respectfully requests that the Court consider this persuasive authority in support of her position taken in her Response in Opposition to the Motions to Dismiss

Dated:  April 28, 2015                      Respectfully submitted,

**PARKER & DUFRESNE, P.A.**

     **/s/ Austin Brown**
E. Warren Parker, Jr., Esq.
Florida Bar No. 958506
Austin Brown, Esq.
Florida Bar No. 96633
Parker & DuFresne, P.A.
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Telephone:  (904) 733-7766
Facsimile: (904) 733-2919
service@jaxlawcenter.com *(primary)*
abrown@jaxlawcenter.com *(secondary)*

**VARNELL & WARWICK, P.A.**
Steven T. Simmons, Jr.
Florida Bar No.:  0091654
Janet R. Varnell
Florida Bar No.:  0071072
Brian W. Warwick
Florida Bar No.:  0605573
P.O. Box 1870
Lady Lake, FL  32158
Telephone: (352) 753-8600
Facsimile:  (352) 504-3301

*ssimmons@varnellandwarwick.com* (primary)
*jvarnell@varnellandwarwick.com* (primary)
*bwarwick@varnellandwarwick.com* (primary)
*marnst@varnellandwarwick.com* (secondary)

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on April 28, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will transmit Notice of Electronic Filing to counsel of Record.

_____/s/ Austin Brown_____
Attorney
